## A. H. Watson *v*. The State.

1. Former Conviction.—The accused, in a prosecution for an aggravated assault, pleaded former conviction, and introduced a justice's judgment of conviction for simple assault on the same person and at the same time as the alleged offence on trial. It is shown that the justice acted without affidavit or warrant of arrest, examined no witnessess, and his judgment shows that his action was on the submission and demand of the accused. *Held*, that the justice's action placed the accused in no jeopardy, and constitutes no bar to this prosecution for aggravated assault.

2. Evidence. — It is the province of the jury to pass upon the credibility of the testimony; and when there is found sufficient evidence to sustain the verdict, it will not be disturbed on appeal.

Appeal from the County Court of Hamilton. Tried below before the Hon. D. C. Smith, County Judge.

The opinion states the case.

*Eidson & Pierson*, for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

Ector, P. J. The appellant was tried, on an information presented against him in the County Court of Hamilton County, for an aggravated assault and battery, committed

upon C. M. Boynton on February 2, 1878.   The defendant pleaded a former conviction for the same offence, and also not guilty.

In support of his plea of former conviction, the defendant read a certified copy of a judgment rendered by one Simpson Loyd, as a justice of the peace of Hamilton County, which is as follows :

" The State of Texas ⎫
          v.         ⎬ No. 89.
" A. H. Watson.      ⎭

" Assault and battery in and upon the body of C. M. Boynton, in the town of Hamilton, on the 2d day of February, 1878.

" Now on this February, 2d day, 1878, comes defendant, and pleads guilty to the above-entitled charge ; therefore, it is ordered, decreed, and adjudged by the court that the defendant is guilty as charged, and that the State of Texas do have and recover of and from the defendant the sum of five dollars, and all costs of this behalf expended ; " — and signed by the justice of the peace.

It was shown on the trial in the County Court that no complaint was filed, and no warrant issued, and no evidence heard before the justice of the peace, except defendant's own statement.

There is no perceivable difference between the case at bar and that of *Warriner* v. *The State*, decided by this court, in which it was said that " the justice of the peace, in the absence of an affidavit and warrant, and of an examination of the case, could not oust the District Court of its jurisdiction to try the accused for an offence of higher grade than that to which he had pleaded not guilty.   Nor could the defendant, by waiving an examination into the circumstances under which the assault and battery was committed, screen himself by submitting to a nominal fine, and avoid the legitimate consequences of his acts, according to the de-

gree of aggravation or mitigation shown by the evidence.'' 3 Texas Ct. App. 104, and cases cited.

The court submitted proper instructions to the jury on the issue raised by the special plea of defendant, and the jury found the matters alleged in the defendant's plea of former conviction not true.

We have carefully examined the different errors assigned by defendant, and have failed to discover any error committed in the County Court for which the judgment should be reversed.

There was considerable conflict in the evidence. The testimony, both for the State and the defence, showed that defendant committed an assault and battery upon the person of Boynton. The point upon which they differed was as to whether defendant inflicted serious bodily injury upon the person assaulted. The jury, who had the witnesses before them, saw their manner on the stand, and heard them testify, doubtless believed the witnesses for the prosecution ; and the judge who presided in the court below refused to grant a new trial. There being sufficient evidence to sustain the judgment, it is, therefore, affirmed.

*Affirmed.*